UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| SAID EL-KHATIB, | ) |
| Plaintiff, | ) |
| v. | ) CASE NUMBER: 1:19 CV 00066 |
| CITY OF FORT WAYNE and OFFICER MATT NEWBAUER | ) |
| Defendants. | ) |

## OPINION AND ORDER

Said El-Khatib ("El-Khatib"), *pro se*, sued the City of Fort Wayne and one of its police officers after vehicles that he parked in a private lot were towed. Before the Court is the Defendants' Motion for Summary Judgment [DE 34]. Although he was advised of his obligation to respond, El-Khatib has neither responded to the motion nor kept the Court apprised of his current address. For the following reasons, the Defendants' Motion will be GRANTED.

## APPLICABLE STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Fed. R. Civ. P.* 56(a). The movant bears the initial responsibility of informing the district court of the basis of its motion, and identifying those portions of designated evidence that demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). After "a properly supported motion for summary judgment is made, the adverse party must set forth specific

1

facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (quotation marks and citation omitted).

A factual issue is material only if resolving the factual issue might change the outcome of the case under the governing law. *See Clifton v. Schafer*, 969 F.2d 278, 281 (7th Cir. 1992). A factual issue is genuine only if there is sufficient evidence for a reasonable jury to return a verdict in favor of the non-moving party on the evidence presented. *See Anderson*, 477 U.S. at 248. In deciding a motion for summary judgment, the court "may not 'assess the credibility of witnesses, choose between competing reasonable inferences, or balance the relative weight of conflicting evidence.' " *Bassett v. I.C. Sys., Inc.*, 715 F. Supp. 2d 803, 808 (N.D. Ill. 2010) (quoting *Stokes v. Bd. of Educ. of the City of Chi.*, 599 F.3d 617, 619 (7th Cir. 2010)). Instead, it must view all the evidence in the record in the light most favorable to the non-moving party and resolve all factual disputes in favor of the non-moving party. *See Anderson*, 477 U.S. at 255.

That a motion for summary judgment is unopposed doesn't change the summary judgment standard, and the court still conducts "more than just a cursory review of the filings" and scrutinizes the movant's factual submissions in order to "determine that the motion is sound and within the parameters of the law." *Leal v. TSA Stores, Inc.*, No. 2:13 CV 318, 2014 WL 7272751, at *1 (N.D. Ind. Dec. 17, 2014). An unopposed motion does, however, "reduce the pool" from which facts and inferences relative to the motion may be drawn. *Smith v. Severn*, 129 F.3d 419, 426 (7th Cir. 1997). Accordingly, facts alleged in the motion are deemed admitted so long as support for them exists in the record. *See Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission"); *Brasic v. Heinemanns, Inc.*, 121 F.3d 281, 285-286 (7th Cir. 1997) (affirming grant of summary

judgment where the nonmovant failed to properly offer evidence disputing the movant's version of the facts). Mindful of these standards, the Court turns now to the facts of the case.

## FACTUAL BACKGROUND

Defendant Matthew Newbauer ("Detective Newbauer") is a detective and sworn police officer with the City of Fort Wayne. (Affidavit of M. Newbauer, ¶2, hereafter, "Newbauer Aff. at ____."). In February, 2018, Detective Newbauer conducted a VIN inspection on Calhoun Street in Fort Wayne, Indiana (Newbauer Aff. at ¶3). While he was conducting the inspections, the business owner at the Calhoun Street address informed Detective Newbauer that a neighbor had parked and abandoned multiple vehicles on his private parking lot. (*Id.*). Detective Newbauer informed the property owner to call him at a later date to discuss the matter. (*Id.*).

Subsequently, the parking lot owner, Sisouphah Bouphisai, ("Bouphisai") called Detective Newbauer. (Newbauer Aff. at ¶4). Bouphisai advised Detective Newbauer that El-Khatib, a neighbor, had multiple vehicles parked on his private parking lot and he would like them towed. (*Id.*). Detective Newbauer advised Bouphisai that the City of Fort Wayne was unable to tow the vehicles because the vehicles were parked on his private lot. (*Id.*). However, Detective Newbauer advised Bouphisai to contact a private towing company, such as Blue Eagle or Pro Tow, to remove the vehicles. Other than this conversation with Bouphisai, Detective Newbauer had no additional involvement in this matter.

In late February, 2018, Bouphisai contacted Pro Tow in Fort Wayne, Indiana to tow the five vehicles from his lot. Bruce Wendel ("Wendel") is the owner of Pro Tow and met with Bouphisai to determine which vehicles Bouphisai wanted towed.[1] (Bruce Wendel Aff. at ¶2,

---

[1] Wendel met with Bouphisai after one of his employees showed up at Bouphisai's business but had difficulty understanding which vehicles Bouphisai wanted towed and to where he wanted them towed. Wendel then met with Bouphisai and another man helped interpret what Bouphisai was requesting.

3

hereafter, "Wendel Aff. at ____"). Thereafter, Wendel towed the five vehicles from Bouphisai's private lot. Detective Newbauer did not contact Wendel or Pro Tow to tow El-Khatib's vehicles.

In his deposition, El-Khatib testified that he had five to seven vehicles parked in the private lot owned by Bouphisai. (Deposition of Said El-Khatib, at p. 7, hereafter "El-Khatib Dep. at ____"). After the vehicles were towed by Pro Tow, El-Khatib stated that he received all his vehicles back within a day or two after they were towed. (*Id.* at 12).

## DISCUSSION

In his Complaint, El-Khatib asserted violations of the Fourth and Fourteenth Amendments pursuant to 42 U.S.C. §1983 against Detective Newbauer as well as claims for state law conversion and theft. With respect to the City, El-Khatib asserts a claim of respondeat superior liability.

Section 1983 of Title 42 of the United States Code provides in part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress

42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege (1) a person deprived him of a right secured by the Constitution, and (2) the person violating that right acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).[2]

Here, El-Khatib alleges a host of claims. First, he asserts that Detective Newbauer violated his Fourth Amendment and Fourteenth Amendment due process rights by seizing or directing the seizure of his vehicles without probable cause and without process. His complaint asserts a

---

[2] With respect to municipal liability under §1983, a plaintiff must allege that the defendant's policies or customs caused the alleged constitutional violation. *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978). Here, it does not appear from the Complaint that the Plaintiff is asserting a municipal liability type of claim.

"conspiracy" between Detective Newbauer and Wendel to deprive him of his property. Likewise, he alleges that the City should be held accountable for Detective Newbauer's state law violations under a theory of respondeat superior.

The constitutional claims asserted via §1983 against Detective Newbauer fail for a number of reasons, not the least of which is that he was not personally involved in the events here. "[Section] 1983 lawsuits against individuals require personal involvement in the alleged constitutional deprivation to support a viable claim." *Palmer v. Marion Cty.*, 327 F.3d 588, 594 (7th Cir. 2003). Here, while the Complaint alleged that Detective Newbauer directed the removal of the vehicles, the undisputed evidence on summary judgment is that he had no involvement with the vehicles' removal. In fact, the evidence reveals that Detective Newbauer specifically told Bouphisai that the City could not remove the vehicles from Bouphisai's private property. That evidence alone is sufficient to grant summary judgment in his favor on all the alleged constitutional claims against him.[3]

With respect to the state law claims for conversion and theft, it is equally clear that those claims fail as a matter of law as well. Both conversion and theft claims require evidence that a person "knowingly or intentionally" exerted unauthorized control over the property of another. Ind.Code §§35-43-4-2-3. As the undisputed facts demonstrate, Detective Newbauer neither seized nor ordered the seizure of El-Khatib's property. Thus, he did not exert any control much less "unauthorized control" over the Plaintiff's property. By extension, the City cannot be held liable under a theory of respondeat superior since Detective Newbauer did not violate any state laws or

---

[3] With respect to the alleged procedural due process violation, even if Detective Newbauer had participated in the vehicle's towing, the Fourteenth Amendment is not violated where adequate post-deprivation remedies are available.

participate in the violation of state laws. Accordingly, summary judgment is appropriate on all claims asserted against the defendants.

## **CONCLUSION**

Based on the foregoing, the Defendants' Motion for Summary Judgment is GRANTED. The Clerk is directed to enter judgment in favor of the Defendants.


SO ORDERED. This 6th day of April, 2020

s/ William C. Lee<br>
United States District Court